# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| BRETT WATERBURY, | |
| Plaintiff, | No. 15-CV-112-LRR |
| vs. | **ORDER** |
| PROGRESSIVE NORTHERN INSURANCE COMPANY, | |
| Defendant. | |

_____

## I. INTRODUCTION

The matter before the court is Plaintiff Brett Waterbury's "Motion to Transfer Venue" ("Motion") (docket no. 32), which Waterbury filed on November 19, 2015. On December 3, 2015, Defendant Progressive Northern Insurance Company ("Progressive") filed a Resistance (docket no. 33). Waterbury did not file a reply and the time for doing so has expired. The matter is fully submitted and ready for decision.

## II. RELEVANT PROCEDURAL HISTORY

On May 29, 2015, Waterbury filed a Petition in the Circuit Court of Camden County, Missouri. On July 13, 2015, the case was removed to the United States District Court for the Western District of Missouri (docket no. 1). On September 10, 2015, Progressive filed a Motion to Transfer Venue (docket no. 16), requesting that the case be transferred to the United States District Court for the Northern District of Iowa. Waterbury did not resist the Motion to Transfer Venue. On October 1, 2015, Judge Nanette Laughrey entered an Order to Show Cause (docket no. 19), directing Waterbury to demonstrate why Progressive's Motion to Transfer Venue should not be granted. Waterbury did not respond to the Order to Show Cause. On October 16, 2015, the case was transferred to this court from the United States District Court for the Western District of Missouri. *See* October

16, 2015 Entry (docket no. 22).

### III. ANALYSIS

#### A. Parties' Arguments

In the Motion, Waterbury requests that the court transfer venue back to the United States District Court for the Western District of Missouri. *See* Brief in Support of the Motion (docket no. 32-1) at 5. He argues that the case should be transferred because three witnesses are located in Missouri, two of whom Plaintiff intends to designate as expert witnesses and that this was not sufficiently explained in Progressive's initial Motion to Transfer Venue. Waterbury also states that his former counsel, Todd Miller, did not inform him of Progressive's Motion to Transfer Venue and that Miller failed to resist the Motion to Transfer Venue despite Waterbury's preference "that his case remain in Missouri." *Id.* at 2; Declaration of Brett Waterbury (docket no. 32-2) at 7-8.

Progressive argues that the court should deny the Motion because "Plaintiff fails to prove that transferring venue back to [the] Western [District of] Missouri would be convenient for the parties, the majority of witnesses, or would promote the interests of justice." Resistance at 1. Progressive also argues that the Motion is improper because it merely attempts to discredit Progressive's Motion to Transfer Venue, which was unresisted. *See* Brief in Support of the Resistance (docket no. 33-1) at 3. Although the court recognizes that Waterbury's former counsel failed to resist the Motion to Transfer Venue and that Waterbury cannot do so now, the court will address the Motion on the merits to determine whether venue in the Northern District of Iowa is appropriate pursuant to 28 U.S.C. § 1404(a).

#### B. Applicable Law

The ability to transfer a case to another district is governed by 28 U.S.C. § 1404(a), which states that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where

it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Courts must consider "three general categories of factors . . . when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). However, a court is not limited to those three factors and should engage in a "case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id*. Furthermore, once an initial motion to transfer has been granted "and the case is transferred to another district, the transferee-district should accept the ruling on the transfer as the law of the case and should not re-transfer 'except under the most impelling and unusual circumstances' or if the transfer order is 'manifestly erroneous.'" In re *Cragar Indus., Inc.*, 706 F.2d 503, 505 (5th Cir. 1983) (quoting *United States v. Koenig*, 290 F.2d 166, 173 n.11 (5th Cir. 1961)); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (stating that the doctrine of "the law of the case" applies "with even greater force to transfer decisions than to decisions of substantive law [because] transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation").

## *C. Application*

Waterbury argues that the court should transfer this case back to the United States District Court for the Western District of Missouri because three witnesses, including two witnesses that Waterbury intends to designate as experts, are located in Missouri. Waterbury also argues that the court should transfer the case because his Missouri counsel never resisted to Progressive's initial motion to transfer and Waterbury was not made aware of such motion.

Waterbury's main argument is that the case should be transferred back to Missouri for the convenience of the witnesses. However, this argument was available to him at the

3

time Progressive filed its initial motion to transfer venue to this court. Based on the facts in the record, it appears that there are three potential witnesses located in Missouri and four potential witnesses located in Iowa. The fact that two of the Missouri witnesses may be designated as expert witnesses does not weigh more heavily in favor of transfer. Additionally, the fact that Waterbury's former counsel failed to inform Waterbury of Progressive's Motion to Transfer Venue or to file a resistance does not provide this court with a basis to revisit that decision post-transfer.

Although Waterbury does not address the other factors governing transfer in the Motion, Progressive argues that this court is more convenient for the parties. The court agrees. Waterbury is a resident of Cedar Rapids, Iowa. Progressive has numerous agents operating in Iowa, including the agent who denied the claim at issue in this case. Furthermore, Progressive does not have any offices or agents in Missouri. Although Waterbury states that he wanted to pursue litigation in Missouri, he does not provide reasons other than the fact that three of the witnesses are located there.

When evaluating the interests of justice, court can consider "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." *Terra Int'l*, 119 F.3d at 696. Progressive argues that several of these factors support denying the Motion, stating that this case should be heard in Iowa because "this case revolves around an Iowa insurance contract dispute between an Iowa resident and a business operating in Iowa" and that the costs of litigation are similar in either forum. *See* Brief in Support of the Resistance at 7. Waterbury argues that because three witnesses live in Missouri, it would be more expensive to have to travel to Missouri for depositions or for those witnesses to travel to Iowa for trial. However, there are at least four other witnesses, including Waterbury himself, located in Iowa. Therefore, the

comparative costs appear substantially similar.

Waterbury also argues that he preferred the case to remain in Missouri. Although "[i]n general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking transfer . . . typically bears the burden of proving that a transfer is warranted," that maxim does not apply to the instant Motion because Waterbury already had a chance to resist the initial transfer of this case. In re *Apple*, 602 F.3d at 913 (quoting *Terra Int'l, Inc.*, 119 F.3d at 695) (first alteration in original). The fact that his former counsel failed to resist Progressive's Motion to Transfer Venue and to inform Waterbury about such motion does not result in this court analyzing the Motion as a resistance to Progressive's initial motion. Instead, Waterbury must demonstrate that transfer of this case is appropriate, not that the previous transfer was inappropriate.[1] The court finds that Waterbury has not met this burden. The convenience of the parties, the convenience of the witnesses and the interests of justice do not favor transfer. Additionally, there is nothing in the instant scenario that constitutes "impelling or erroneous circumstances" warranting re-transfer of the case. *See* In re *Cragar Indus., Inc.*, 706 F.2d at 505 (quoting *Koenig*, 290 F.2d at 173 n.11).

## IV. CONCLUSION

In light of the foregoing, the Motion to Transfer Venue (docket no. 32) is **DENIED**. **IT IS SO ORDERED.**

---

[1] Waterbury does not argue that this court constitutes an improper venue, only that he preferred to litigate the case in Missouri as it is a more convenient forum.

**DATED** this 4th day of January, 2016.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA